# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RICHARD MADRID, CDCR #AP-3673,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; PAMELA GAYLE IACHER; JUDGE PETER DEDDEH; THOMAS BYRNE; JOHN GEHRIS; SEAN TAFRESHI,<br><br>Defendants. | Civil No.   15cv1262 GPC (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CLAIMS FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONEY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

   Mario Richard Madrid ("Plaintiff"), a state prisoner currently incarcerated at Corcoran State Prison located in Corcoran, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (See ECF Doc. No. 1.)

   Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

/ / /

/ / /

I.     PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments," Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

In support of his Motion, Plaintiff submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2 (ECF Doc. No.

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. Id.

2). Andrews, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate issued by a correctional official verifying his available balances. Plaintiff's statement shows that he has no available funds in his account. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); Taylor, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these screening statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

**B.     Plaintiff's Complaint**

In his Complaint, Plaintiff alleges that Defendants violated his constitutional rights when he was "illegally detained and arrested by San Diego Police Department and falsely imprisoned." (Compl. at 7.) Plaintiff further claims that he has sought relief through habeas corpus and on "March 24, 2015, the [California] Appellate Court issued a 52 page opinion ordering my conviction reversed and my sentence vacated for ineffective

assistance of counsel." (Id.)

Even if Plaintiff could show that his conviction has already been invalidated, to state a claim under 42 U.S.C. § 1983, he must also allege that his trial counsel, Defendant Pamela Gayle Lacher, acted "under color of state law" to deprive him of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

Attorneys who represent criminal defendants generally do not act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed." Dodson, 454 U.S. at 319; United States v. De Gross, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). When attorneys perform as advocates, *i.e.*, meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Dodson, 454 U.S. at 320-25; Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.").

In addition, Plaintiff may not sue Defendant Sean Tafreshi for monetary damages because he is entitled to absolute prosecutorial immunity. See Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (prosecutors are absolutely immune from liability in § 1983 lawsuits based on actions that are "intimately associated with the judicial phase of the criminal process.") (citing Imbler v. Pachtman, 424 U.S. 409, 428, 430 (1975)).

Moreover, to the extent that Plaintiff is seeking money damages based on rulings made by San Diego Superior Court Judge Peter Deddeh, this Defendant is absolutely immune. "Judges and those performing judge-like functions are absolutely immune

1  from damage liability for acts performed in their official capacities." Ashelman v. Pope,
2  793 F.2d 1072, 1075 (9th Cir. 1986).  Therefore, as a Superior Court Judge for the State
3  of California, this Defendant has absolute immunity from civil proceedings relating to
4  these actions, which were performed within their judicial discretion. Thus, Plaintiff's
5  claims against both Defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii)
6  for seeking monetary relief against defendants who are immune from such relief.

7      Finally, while Plaintiff may arguably have stated a claim as to Defendants Byrne
8  and Gehris, he has failed to state a claim against the County of San Diego. While the
9  County of San Diego may be considered a "person" properly subject to suit under
10 § 1983, see Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978); Hammond v.
11 County of Madera, 859 F.2d 797, 801 (9th Cir. 1988), the County may be held liable
12 only where the Plaintiff alleges facts to show that a constitutional deprivation was caused
13 by the implementation or execution of "a policy statement, ordinance, regulation, or
14 decision officially adopted and promulgated" by the municipality, or a "final decision
15 maker" for the municipality. Monell, 436 U.S. at 690; Board of the County Comm'rs v.
16 Brown, 520 U.S. 397, 402-04 (1997); Navarro v. Block, 72 F.3d 712, 714 (9th Cir.
17 1995). In other words, "respondeat superior and vicarious liability are not cognizable
18 theories of recovery against a municipality." Miranda v. Clark County, Nevada, 279 F.3d
19 1102, 1109-10 (9th Cir. 2002).

20     "A municipality cannot be held liable solely because it employs a tortfeasor."
21 Monell, 436 U.S. at 691; Navarro, 72 F.3d at 714. Instead, to allege a claim against a
22 municipality, Plaintiff must include in his pleading enough "factual content" to support
23 a reasonable inference to show that: (1) he was deprived of a constitutional right; (2) the
24 city or county had a policy; (3) the policy amounted to deliberate indifference to his
25 constitutional right; and (4) the policy was the "moving force behind the constitutional
26 violation." Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); see also
27 Iqbal, 556 U.S. at 678; Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).
28 / / /

As currently pleaded, however, Plaintiff's Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that his arrest was effected pursuant to any municipal custom, policy or practice implemented or promulgated with deliberate indifference to his constitutional rights, or that it was the "moving force" or cause of his injury. See Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying Iqbal's pleading standards to Monell claims); Brown, 520 U.S. at 404 ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." (italics in original).

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed in which to either: (1) file a First Amended Complaint which cures all the

deficiencies of pleading noted above; or (2) notify the Court of the intent to proceed with the claims that the Court found survive the sua sponte screening process.

If Plaintiff chooses to file an Amended Complaint, it must be complete in itself without reference to his original Complaint. See S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

If Plaintiff notifies the Court of the intention to proceed with the claims that survived screening, the Court will issue an Order dismissing the deficient claims without leave to amend and direct the United States Marshal to serve Plaintiff's Complaint on the remaining Defendants.

5) The Clerk of Court is directed to mail Plaintiff a copy of a Court approved § 1983 civil rights complaint.

**IT IS SO ORDERED**.

DATED: July 15, 2015

HON. GONZALO P. CURIEL
United States District Judge