# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RICHARD MADRID, CDCR #AP-3673,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No. 15cv1262 GPC (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY PRELIMINARY INJUNCTIVE RELIEF**<br><br>**(ECF No. 4)** |

Currently before the Court is Plaintiff's "Motion for Emergency Injunctive Relief." (ECF No. 4.) In this Motion, Plaintiff seeks an Order from this Court removing the San Diego Superior Court Judge and Deputy District Attorney assigned to his pending State criminal matter.

**I.     Plaintiff's Motion for Emergency Preliminary Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "A plaintiff seeking a

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citation omitted)(citations omitted).

In addition to this traditional test, the Ninth Circuit has also applied an "alternative standard," whereby injunctive relief may issue when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury" *or* that "serious questions are raised and the balance of hardships tips sharply in his favor." *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dept. of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)).

Here, Plaintiff has not shown a likelihood of success on the merits regarding his claims. Plaintiff is currently in the process of facing criminal charges and requests that this Court intervene in the state court's proceedings. However, the Court declines to do so. A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971).

*Younger* abstention is appropriate if four criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal questions; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Here, based on Plaintiff's allegations that he has ongoing criminal proceedings in state court and requests this Court's intervention, abstention pursuant to the *Younger* doctrine is warranted.

## II. Conclusion and Order

Based on the foregoing, the Court hereby:

**DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 4) without prejudice.

**IT IS SO ORDERED**.

DATED: July 15, 2015

HON. GONZALO P. CURIEL
United States District Judge