UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mario Richard Madrid,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>County of San Diego; Pamela Gayle Iacher; Judge Peter Deddeh; Thomas Byrne; John Gehris; Sean Tafreshi; San Diego Police Dep't; Bonnie Dumanis; San Diego Sheriff's Office; Sal Campos; Steven Moe; L. Acuzena-Martinez,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:15-CV-01262-GPC-WVG<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT; AND**<br><br>**(3) DENYING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT AS MOOT**<br><br>**(ECF Nos. 8, 11, 13)** |

### I.　Procedural History

On June 4, 2015, Mario Richard Madrid ("Plaintiff"), an inmate currently incarcerated at Corcoran State Prison located in Corcoran, California filed this civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP). (ECF No. 1.) On July 15, 2015, this Court granted Plaintiff's Motion to Proceed IFP and dismissed some of Plaintiff's claims for failing to state a claim upon which relief could be granted

and for seeking money damages against immune defendants pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A. (ECF No. 5.)

Plaintiff was granted the option to either: (1) file a First Amended Complaint which cures all the deficiencies of pleading identified in the Court's Order; or (2) notify the Court of the intent to proceed with the claims that the Court found survived the screening process. (Id. at 8.) Plaintiff later filed a motion for extension of time to file a First Amended Complaint (ECF No. 8 ), however, before the Court could rule on this motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 11.) Therefore, Plaintiff's "Motion for Extension of Time" is DENIED as moot. In addition, Plaintiff has filed a "Motion to Appoint Counsel." (ECF No. 13.)

In the Court's July 15, 2015 Order, Plaintiff was informed that any "[d]efendants not named and all claims not re-alleged in the [FAC] will be considered waived." (See July 15, 2015 Order at 8; citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In his FAC, Plaintiff no longer names as defendants Pamela Gayle Iacher, Judge Peter Deddeh, or Sean Tafreshi. (FAC at 1-3.) Therefore, these defendants are DISMISSED from this action and the Clerk of Court is directed to terminate these defendants from the Court's docket.

**II.     Motion for Appointment of Counsel**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed

together before reaching a decision." *Id.* (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court DENIES Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

### III.   Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A

As the Court previously informed Plaintiff, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal,

556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

### A. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Monell Liability

In his FAC, Plaintiff names the San Diego Police Department, the San Diego Sheriff's Office and the County of San Diego as Defendants. First, to the extent Plaintiff alleges that the "San Diego County Sheriff's Department," and the "San Diego Police Department" have violated his constitutional rights, his FAC fails to state a claim because these entities are not "persons" subject to suit under § 1983. A local law enforcement department, like the San Diego County Sheriff's Office or the San Diego Police

1 | Department, is not a proper defendant under § 1983. See Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.').

While Plaintiff's Amended Complaint again names the County of San Diego as a Defendant, and the County may be considered a "person" properly subject to suit under § 1983, see Monell v. Dept. of Social Servs., 436 U.S. 658, 691 (1978); Hammond v. County of Madera, 859 F.2d 797, 801 (9th Cir. 1988), he has still failed to allege plausible facts to show that any constitutional deprivation he may have suffered was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County of San Diego, or a "final decision maker" for the municipality. Monell, 436 U.S. at 690; Bd. of Cnty. Comm'rs of Bryan Cnty. Okl. v. Brown, 520 U.S. 397, 402-04 (1997).

To state a claim for relief based on municipal liability, Plaintiff's Amended Complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and those facts must "plausibly suggest an entitlement to relief." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (citing Twombly, 550 U.S. 544; *Iqbal*, 556 U.S. 662); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 640 (9th Cir. 2012) (applying Starr to municipal liability claims, holding that "plausible facts supporting a policy or custom . . . could cure [ ] the deficiency in [a] Monell claim.").

As this Court advised Plaintiff in its July 15, 2015 Order, under 42 U.S.C. § 1983, a public entity "cannot be held liable solely because it employs a tortfeasor." See ECF Doc. No. 5 (citing Monell, 436 U.S. at 691). "This means that a municipality is not liable under § 1983 based on the common-law tort theory of respondeat superior." Castro v. Cnty. of Los Angeles, 797 F.3d 654, 670 (9th Cir., 2015). Here, while Plaintiff was

previously granted an opportunity to plead plausible facts that his "arrest was effected pursuant to any municipal custom, policy or practice," see July 15, 2015 Order (ECF Doc. No. 5) at 7 (citing Hernandez, 666 F3d. at 637), his Amended Complaint offers no factual content to show what policies existed, how the Court might plausibly infer that any such policies caused, or were the "moving force" behind any injury he may have suffered, or why any policies may arguably be described as evidencing "deliberate indifference" to any constitutional right. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); see also Iqbal, 556 U.S. at 678. "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." Brown, 520 U.S. at 404.

Thus, as currently pleaded, the Court finds Plaintiff's Amended Complaint contains only "unadorned, the defendant-unlawfully-harmed-me accusation[s]," and "formulaic recitations of the elements of a cause of action" based on municipal liability that Iqbal clearly dictates "will not do." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### C. Strip Search

In his FAC, Plaintiff claims that "Defendants openly utilized an unconstitutional body strip search of Plaintiff." (FAC at 8.) Plaintiff claims that he was strip searched "upon exiting his cell to go to court." (Id.) It appears that Plaintiff is claiming, although it is not entirely clear, that a strip search was unnecessary because "as an [Administrative Segregation ("Ad-Seg")] inmate he was "under constant escort at all times." (Id.)

The Fourth Amendment applies to a jail or prison's policy of strip searches of inmates. See Bull v. City of San Francisco, et al., 595 F.3d 964, 974-75 (9th Cir. 2010)

1  (en banc).  When determining whether Plaintiff has stated a Fourth Amendment claim for
2  an unreasonable search, the Court looks to whether the strip search was "reasonably
3  related to legitimate penological interests."  Id. (citing Turner v. Safley, 482 U.S. 78, 89
4  (1987).  "The reasonableness of a search is determined by reference to its context."  Bull,
5  595 F.3d at 971 (citing Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988)).

6  Plaintiff does not allege with any specificity that there were no "legitimate penological
7  interests."  Bull, 595 F.3d at 974.  Prison officials must be accorded "wide-ranging
8  deference in the adoption and execution of policies and practices that in their judgment
9  are needed to preserve internal order and discipline and to maintain institutional
10 security." (Id.); see also Florence v. Bd. of Chose Freeholders of Cnty. of Burlington, __
11 U.S. __, 132 S.Ct. 1510 (2012).  There are no facts from which the Court could find that
12 the strip search itself was unreasonable.  The Court finds that Plaintiff's claims do not
13 rise to the level of a strip search that was "excessive, vindictive, harassing or unrelated to
14 any legitimate penological interest."  Michenfelder, 860 F.3d at 332.  Therefore, the
15 Court finds that Plaintiff has failed to state a Fourth Amendment claim based on the strip
16 searches allegedly conducted by Defendants.

17 **D.  Cell Searches**

18 Plaintiff claims that his constitutional rights were violated when he "endured upwards
19 of 50 cell searches while detained."  (FAC at 8.)  However, "the Fourth Amendment's
20 prohibition on unreasonable searches does not apply in prison cells."  Hudson v. Palmer,
21 468 U.S. 517, 526 (1984).  Even if Plaintiff was a pretrial detainee at the time, which is
22 not clear from the facts alleged, "there is no basis for concluding that pretrial detainees
23 pose any lesser security risk to society than convicted inmates."  Bell v. Wolfish, 441
24 U.S. 520, 547 n. 28 (1979) (internal quotation marks omitted.); Mitchell v. Dupnik, 75
25 F.3d 517, 522 (9th Cir. 1996) (holding that pretrial detainees have no reasonable
26 expectation of privacy in cells.)  Therefore, the Court finds that Plaintiff has failed to
27 allege a Fourth Amendment claim arising from the cell searches.
28 //

### E.  *Heck* Bar

Plaintiff alleges, without specificity, that all the named Defendants gathered evidence in violation of his constitutional rights that was used against him in criminal proceedings. Specifically, Plaintiff alleges that Defendants illegally recorded conversations while he was housed in the San Diego Central Jail that were used "against Plaintiff in criminal proceedings and without a Court Order." (FAC at 9.) Plaintiff also alleges that Defendants acted in a conspiracy to manufacture "fabricated evidence" to use against him in his criminal proceedings. (Id. at 10.) Plaintiff alleges that he was ultimately convicted with the use of this evidence. (Id.)

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). He must seek federal habeas corpus relief instead. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser, 411 U.S. at 489). Thus, a § 1983 action "is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction. Heck, 512 U.S. at 487. In creating a favorable termination rule in Heck, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy Heck's "favorable termination" rule, Plaintiff must allege facts in his FAC which show that the conviction which forms the basis of his claims has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ

of habeas corpus. Heck, 512 U.S. at 487 (emphasis added.

Plaintiff has alleged no facts sufficient to satisfy Heck. Because some of Plaintiff's § 1983 claims challenge and necessarily imply the invalidity of his current term of confinement, they must be dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by Heck has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he succeeds in invalidating the underlying conviction or sentence); accord Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

### F.     Respondeat Superior

Plaintiff also seeks to hold Defendant Dumanis liable in her supervisory capacity. (See FAC at 6.)  However, there is no respondeat superior liability under 42 U.S.C. § 1983.  Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993); see also Iqbal, 556 U.S. at 676 ("[V]icarious liability is inapplicable to . . . § 1983 suits.").  Instead, a plaintiff "must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Id.; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)); see also Starr, 652 F.3d at 1207-08.

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Starr, 652 F.3d at 1207-08. As currently pleaded, however, Plaintiff's FAC fails to

include *any* "factual content that [would] allow[] the court to draw [a] reasonable inference" in support of an individualized constitutional claim against Defendant Dumanis. Iqbal, 556 U.S. a 678. For this reason, Plaintiff's FAC fails to state a claim upon which section 1983 relief can be granted as to Defendant Dumanis.

**IV.   Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Defendants Iacher, Deddeh and Tafreshi are **DISMISSED** from this action. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981) (all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived).

2. Plaintiff's Motion for Extension of Time to File a First Amended Complaint is **DENIED** as moot. (ECF Doc. No. 8.)

3. Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice. (ECF Doc. No. 13.)

4. Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, Plaintiff is **GRANTED** sixty (60) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. See S.D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. See King, 814 F.2d at 567.

5. The Clerk of Court is directed to mail a copy of a court approved civil rights complaint form.

Dated:  November 16, 2015

Hon. Gonzalo P. Curiel
United States District Judge