UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RICHARD MADRID,<br><br>                         Plaintiff,<br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                         Defendant. | Case No.: 3:15-cv-01262-GPC-WVG<br><br>**ORDER: (1) DENYING MOTION FOR RECONSIDERATION; AND (2) GRANTING MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT** |

**I.  Procedural History**

      Plaintiff, an inmate currently incarcerated at Corcoran State Prison, initially filed this action on June 4, 2015.  (ECF No. 1.)  On November 16, 2015, this Court denied Plaintiff's motion for appointment of counsel and dismissed his First Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1915(e)(2) & 1915A.  (ECF No. 14.) Plaintiff was granted leave to file an amended complaint.  (*Id.*)

      Currently before the Court is Plaintiff's motion to reconsider the denial of the motion to appoint counsel, along with a motion for extension of time to file an amended complaint. (ECF Nos. 16, 18.)

/ / /

/ / /

## II.  Plaintiff's Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's November 16, 2015 Order denying Plaintiff's motion for appointment of counsel.

### A.  Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.  However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed.R.Civ.P. 60(c)(1).  Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) other reason that justifies relief.  Fed.R.Civ. P. 60(b).

### B.  Plaintiff's motion

In Plaintiff's Motion for reconsideration he claims that he is "indigent and cannot afford to hire counsel." (Pl.'s Mot., ECF No. 16, at 1.)  In addition, he argues that the "issues are extremely complex" and he has "limited knowledge and understanding" of the law.  (*Id.*)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the

merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, the Court finds no basis to appoint counsel in this matter at this stage of the proceedings. A review of Plaintiff's Complaint and First Amended Complaint demonstrate that Plaintiff is capable of articulating the factual basis for his claims. However, the likelihood of success on the merits is not at all yet clear. *Id.* Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III. Conclusion and Order

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 16); and

2. **GRANTS** Plaintiff's Motion for Extension of Time to File Second Amended Complaint (ECF No. 18.) Plaintiff is **GRANTED** sixty (60) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted in the Court's previous Orders. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

The Clerk of Court is directed to mail Plaintiff a copy of a court approved civil rights complaint form.

Dated: February 2, 2016

Hon. Gonzalo P. Curiel
United States District Judge